ORDER SEALED BY COURT

FILED
07 NOV -9 AM 11:46
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'07 MJ 2634

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Magistrate Case No.__________ |
| Plaintiff, | COMPLAINT FOR VIOLATION OF |
| v. | |
| **Milton Alberto ARELLANO Ayala (D1) And Luis Norberto AMEZCUA Camacho (D2)** | Title 8, U.S.C., Section 1324(a)(2)(B)(iii)- Bringing in an Illegal Alien Without Presentation (Felony) |
| Defendants. | |

The undersigned complainant being duly sworn states:

On or about **June 5, 2007** at the **San Ysidro** Port of Entry, within the Southern District of California, defendants **Milton Alberto ARELLANO Ayala (D1) and Luis Norberto AMEZCUA Camacho (D2)** with the intent to violate the immigration laws of the United States, knowingly and in reckless disregard of the fact that an alien, namely, **Jin Shan LI** had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien, and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Ed Chavoya
Signature of Complainant
Edward Chavoya, United States Customs and Border Protection Enforcement Officer

Sworn to before me and subscribed in my presence, this **9th** day of **November 2007**.

United States Magistrate Judge

# Probable Cause Statement

On **June 5, 2007** at approximately **2339** hours, defendant **Jose Arturo ACEVEDO Sanchez (D1),** applied for admission to the United States driving a blue 1992 GMC truck through the San Ysidro Port of Entry vehicle primary. Defendant had two visible passengers in the vehicle **Milton Alberto ARELLANO Ayala (D2) and Luis Norberto AMEZCUA Camacho (D3).** D1 declared he was a United States citizen and presented a California Drivers license as proof of his identity to a Customs and Border Protection CBP Officer. D2 and D3 presented Resident Alien cards as proof of their identity. Defendant stated he was not bringing anything back from Mexico. Defendant stated they were traveling to Chula Vista. During primary inspection a service canine alerted to the rear passenger seat of the vehicle. The vehicle and all occupants were escorted to the secondary lot for further inspection.

In secondary a compartment was discovered behind the rear passenger seat. Access was gained by forcibly pulling the seat forward, which allowed access to the compartment. One undocumented alien was found concealed within. He is now identified as **Jin Shan LI (Material Witness).** All parties were referred to the Prosecution Unit for further disposition.

During a videotaped proceeding D1 was placed under arrest and advised of his Miranda rights. D1 acknowledged his rights and elected to answer questions without an attorney present. D1 stated he was giving his passenger a ride home to National City, CA. and then returning to Mexico. D1 stated he was the owner of the vehicle and has owned it approximately six months. D1 stated he had no knowledge of the concealed alien. D2 and D3 were released pending further investigation.

During a videotaped proceeding the Material Witness gave the following statement. Material Witness stated he is a Chinese citizen by birth in Fujian Province, China. Material Witness stated he was traveling to New York City, New York to seek employment. Material Witness stated a friend of his cousin's made the smuggling arrangements. Further stated a friend's family would pay an unknown monetary smuggling fee. Material Witness could not identify the driver.

On October 16, 2007, D2 was interviewed at his home and gave the following statements. D2 admitted he was smuggling on 6/5/2007 the day he was apprehended at San Ysidro POE. D2 admitted knowing the undocumented alien was concealed behind the rear passenger seat. D2 admitted he would receive $300 USD as compensation for smuggling. D2 admitted they were delivering the undocumented alien to a house located near 30th Street and Market Street in San Diego, CA.

On November 7, 2007, during a videotaped interview at the San Ysidro Port of Entry D3 was advised of his Miranda rights. D3 acknowledged his rights and elected to answer questions without an attorney present. D3 admitted he was smuggling on 6/5/2007 the day he was apprehended at the San Ysidro Port of Entry. D3 admitted knowing the undocumented alien was concealed behind the rear passenger seat. D3 admitted he would receive $300 USD as compensation for smuggling. D3 admitted they were delivering the undocumented alien to a house located near Interstate 15 and Market Street in San Diego.

# Probable Cause Statement

On **June 5, 2007** at approximately **2339** hours, defendant **Jose Arturo ACEVEDO Sanchez (D1),** applied for admission to the United States driving a blue 1992 GMC truck through the San Ysidro Port of Entry vehicle primary. Defendant had two visible passengers in the vehicle **Milton Alberto ARELLANO Ayala (D2) and Luis Norberto AMEZCUA Camacho (D3).** D1 declared he was a United States citizen and presented a California Drivers license as proof of his identity to a Customs and Border Protection CBP Officer. D2 and D3 presented Resident Alien cards as proof of their identity. Defendant stated he was not bringing anything back from Mexico. Defendant stated they were traveling to Chula Vista. During primary inspection a service canine alerted to the rear passenger seat of the vehicle. The vehicle and all occupants were escorted to the secondary lot for further inspection.

In secondary a compartment was discovered behind the rear passenger seat. Access was gained by forcibly pulling the seat forward, which allowed access to the compartment. One undocumented alien was found concealed within. He is now identified as **Jin Shan LI (Material Witness).** All parties were referred to the Prosecution Unit for further disposition.

During a videotaped proceeding D1 was placed under arrest and advised of his Miranda rights. D1 acknowledged his rights and elected to answer questions without an attorney present. D1 stated he was giving his passenger a ride home to National City, CA. and then returning to Mexico. D1 stated he was the owner of the vehicle and has owned it approximately six months. D1 stated he had no knowledge of the concealed alien. D2 and D3 were released pending further investigation.

During a videotaped proceeding the Material Witness gave the following statement. Material Witness stated he is a Chinese citizen by birth in Fujian Province, China. Material Witness stated he was traveling to New York City, New York to seek employment. Material Witness stated a friend of his cousin's made the smuggling arrangements. Further stated a friend's family would pay an unknown monetary smuggling fee. Material Witness could not identify the driver.

On October 16, 2007, D2 was interviewed at his home and gave the following statements. D2 admitted he was smuggling on 6/5/2007 the day he was apprehended at San Ysidro POE. D2 admitted knowing the undocumented alien was concealed behind the rear passenger seat. D2 admitted he would receive $300 USD as compensation for smuggling. D2 admitted they were delivering the undocumented alien to a house located near 30th Street and Market Street in San Diego, CA.

On November 7, 2007, during a videotaped interview at the San Ysidro Port of Entry D3 was advised of his Miranda rights. D3 acknowledged his rights and elected to answer questions without an attorney present. D3 admitted he was smuggling on 6/5/2007 the day he was apprehended at the San Ysidro Port of Entry. D3 admitted knowing the undocumented alien was concealed behind the rear passenger seat. D3 admitted he would receive $300 USD as compensation for smuggling. D3 admitted they were delivering the undocumented alien to a house located near Interstate 15 and Market Street in San Diego.

## PROBABLE CAUSE STATEMENT

The complainant states that **Jin Shan LI** is a citizen of a country other than the United States; that said alien has admitted that he is deportable; that his testimony is material, that it is impracticable to secure his attendance at the trial by subpoena; and that he is a material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

The complainant further states that on **June 5, 2007** at approximately **2339** hours, defendant **Jose Arturo ACEVEDO Sanchez (D1),** applied for admission to the United States driving a blue 1992 GMC truck through the San Ysidro Port of Entry vehicle primary. Defendant had two visible passengers in the vehicle **Milton Alberto ARELLANO Ayala (D2) and Luis Norberto AMEZCUA Camacho (D3).** D1 declared he was a United States citizen and presented a California Drivers license as proof of his identity to a Customs and Border Protection CBP Officer. D2 and D3 presented Resident Alien cards as proof of their identity. Defendant stated he was not bringing anything back from Mexico. Defendant stated they were traveling to Chula Vista. During primary inspection a service canine alerted to the rear passenger seat of the vehicle. The vehicle and all occupants were escorted to the secondary lot for further inspection.

In secondary a compartment was discovered behind the rear passenger seat. Access was gained by forcibly pulling the seat forward, which allowed access to the compartment. One undocumented alien was found concealed within. He is now identified as **Jin Shan LI (Material Witness).** All parties were referred to the Prosecution Unit for further disposition.

During a videotaped proceeding D1 was placed under arrest and advised of his Miranda rights. D1 acknowledged his rights and elected to answer questions without an attorney present. D1 stated he was giving his passenger a ride home to National City, CA. and then returning to Mexico. D1 stated he was the owner of the vehicle and has owned it approximately six months. D1 stated he had no knowledge of the concealed alien. D2 and D3 were released pending further investigation.

During a videotaped proceeding the Material Witness gave the following statement. Material Witness stated he is a Chinese citizen by birth in Fujian Province, China. Material Witness stated he was traveling to New York City, New York to seek employment. Material Witness stated a friend of his cousin's made the smuggling arrangements. Further stated a friend's family would pay an unknown monetary smuggling fee. Material Witness could not identify the driver.

On October 16, 2007, D2 was interviewed at his home and gave the following statements. D2 admitted he was smuggling on 6/5/2007 the day he was apprehended at San Ysidro POE. D2 admitted knowing the undocumented alien was concealed behind the rear passenger seat. D2 admitted he would receive $300 USD as compensation for smuggling. D2 admitted they were delivering the undocumented alien to a house located near 30th Street and Market Street in San Diego, CA.

On November 7, 2007, during a videotaped interview at the San Ysidro Port of Entry D3 was advised of his Miranda rights. D3 acknowledged his rights and elected to answer questions without an attorney present. D3 admitted he was smuggling on 6/5/2007 the day he was apprehended at the San Ysidro Port of Entry. D3 admitted knowing the undocumented alien was concealed behind the rear passenger seat. D3 admitted he would receive $300 USD as compensation for smuggling. D3 admitted they were delivering the undocumented alien to a house located near Interstate 15 and Market Street in San Diego.